IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOLORES YBARRA,                                           Civ. No. 07-1817-HO

        Plaintiff,                                    ORDER

  v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed this action for review of the decision of the Commissioner denying his application for disability insurance benefits. For the reasons that follow, the decision of the Commissioner is reversed and this matter is remanded for further proceedings before the administrative law judge.

## Discussion

The ALJ provided persuasive, specific and valid reasons, supported by the record, for rejecting the Department of Veterans Affairs' rating decision granting plaintiff entitlement to individual unemployability effective October 23, 2002. As noted by the ALJ, the VA increased its evaluation of back strain with

degenerative joint disease of the lumbar spine based on Mountain View Physical Therapy records from February and March 2002, yet the rating decision does not explain why plaintiff is deemed unemployable until October 23, 2002, nearly 8 months later. (Tr. 33, 145-46, 560). The ALJ further correctly noted that the decision does not explain why a 20 percent prostatitis evaluation combined with a 40 percent back evaluation equates to an inability to work. (Tr. 33, 146). Combined, these evaluations yield a disability or efficiency rating of 50 percent, 38 C.F.R. § 4.25, which is insufficient to satisfy VA criteria for individual unemployability, 38 C.F.R. § 4.16(a). The rating decision does not indicate that the VA applied the process and alternative individual unemployability criteria specified in 38 C.F.R. § 4.16(b).

Any error by the ALJ in discussing the possibility that the VA's disability determination resulted from a nurse practitioner's erroneous statement regarding the effects of plaintiff's depression is harmless. The other reasons cited by the ALJ for rejecting the VA's disability rating are sufficient and supported by substantial evidence.

Any error by the ALJ in failing to consider or discuss Dr. Kovarik's March 25, 2002 notation is harmless. Dr. Kovarik advised that plaintiff should be released from riding in a vehicle or driving for the next one or two months to avoid

2 - ORDER

detriment "as regards his prostatitis." (Tr. 297). Crediting this opinion as true would not affect the validity of the ALJ's determination of plaintiff's residual functional capacity.

Physical therapist Tim Juett did not opine that plaintiff's back pain is aggravated by the need to drive to therapy appointments, or that plaintiff would need a treatment center closer to home in order to avoid riding in the car for long periods and exacerbating his back pain, as plaintiff contends. Rather, on December 6, 2001, Mr. Juett wrote that plaintiff reported that his four-hour trip aggravated his back pain considerably, and plaintiff has legitimate reasons to request fee-based therapy closer to home. (Tr. 302). The ALJ considered this evidence. (Tr. 32).

Although he noted that the VA reviewed Mountain View Physical Therapy records, the ALJ did not discuss the content of these records. (Tr. 542-61).

The nurse practitioner's June 2005 statement regarding side effects of methadone is not material to the closed period under review. (Tr. 633). Plaintiff points to no evidence that he took methadone during the period under review.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for disbelieving his testimony. Pl's brief at 15. At the same time, plaintiff states that a transcript of hearing held prior to the Appeals Council's remand order is not

3 - ORDER

included in the record. Pl's brief at 2. Plaintiff makes no argument regarding the absence of the transcript from the record, however. Plaintiff identifies no statements that are allegedly inconsistent with the ALJ's assessment of his residual functional capacity. Plaintiff argues there is no evidence contrary to his assertion that he is unable to sit, stand or walk for a combined total of 8 hours, as required to perform full-time work. An example of such evidence cited by the ALJ is the uncontradicted opinion of consulting physician Richard Alley, M.D. (Tr. 27, 218-29).

To the extent the ALJ was required to cite clear and convincing reasons supported by substantial evidence to reject plaintiff's overall claim of disability, the ALJ did so. As the ALJ noted: MRIs and other diagnostic tools demonstrate essentially mild impairments, (Tr. 32, 226, 255-56, 260); plaintiff does not dispute that he testified that he quit his employment as a delivery truck driver after his former employer required that he work 16-hour days, and that he applied for jobs after his alleged onset date, (Tr. 32-33, 308); and plaintiff lives alone, is independent in self care and performs normal activities, including shoveling show, shooting targets and going to movies, (Tr. 28, 33, 216, 302-03). The ALJ also permissibly inferred that plaintiff exaggerated his pain from records evincing that plaintiff complained of pain of "9" on a scale of 0

4 - ORDER

to 10, with 10 as the worst pain imaginable, at a time when plaintiff took no pain medication, (Tr. 32, 308).

A clinical pharmacist's opinion that plaintiff's prescription for methadone should not be increased does not support the ALJ's conclusion that methadone treatment has been questioned. (Tr. 32). The error is harmless as the remaining reasons supporting the ALJ's credibility determination are clear and convincing and supported by substantial evidence.

Plaintiff argues that the vocational expert erred in citing to Dictionary of Occupational Titles provisions indicating that plaintiff performed his prior merchandise delivery work on foot or bicycle. Consistent with DOT Code 299.477-010, the VE considered that plaintiff drove a delivery truck for this work. (Tr. 652).

Plaintiff contends that a person with the residual functional capacity determined by the ALJ could not perform this work, which the VE classified as semiskilled with a specific vocational preparation rating of 4. The ALJ misstated the SVP rating for this occupation, which is SVP 2.

Plaintiff next contends that the ALJ's assessment of his inability to follow detailed instructions precludes work in this occupation. The DOT states, "Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few

5 - ORDER

concrete variables in or from standardized situations."  This requirement appears to conflict with the ALJ's determination that plaintiff "is precluded from following detailed instructions." (Tr. 35).  The ALJ did not include this limitation in his hypothetical question to the VE.  (Tr. 653-56).

The Commissioner concedes that the ALJ failed to ask the VE if her testimony is consistent with the DOT.  In light of the foregoing paragraph, the error is not necessarily harmless.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Appeals Council for remand to the ALJ.  On remand, the ALJ shall (1) consider the evidence from Mountain View Physical Therapy appearing at (Tr. 542-61), (2) consider whether the transcript of plaintiff's hearing testimony should be included in the record, (3) take additional VE testimony based on a hypothetical question that includes all the limitations identified in the ALJ's assessment of plaintiff's RFC, (4) ensure that the VE's testimony is consistent with the Dictionary of Occupational Titles, or provide sufficient reasons to support deviation from the DOT, and (5) issue a new decision based on the five-step evaluation specified

///


///

6 - ORDER

in Section 404.1520, Title 20, Code of Federal Regulations. Nothing herein prohibits the ALJ from further developing the record as appropriate.

    SO ORDERED.

    DATED this __13th__ day of March, 2009.

                                         ___s/ Michael R. Hogan___
                                         United States District Judge